UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MERIANNA PIERRE,

    Plaintiff,

v.                                    Case No:   6:15-cv-1143-Orl-31TBS

MICHAEL JOHNSON, KEVIN JOHNSON,
MICHAEL LAPPAS and DONALD W.
MURPHY,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Compel Non-Party Compliance with a Subpoena Duces Tecum, or in the Alternative to Hold Non-Party in Contempt for Failure to Comply with Subpoena Duces Tecum (Doc. 143). After reading the motion, the Court finds that it can be disposed of before a response is filed.

Plaintiff Cheler Destra brought this lawsuit, alleging that members of the Orange County Florida Sheriff's Department harassed, assaulted, battered, and falsely arrested him in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution, and the laws of the state of Florida (Doc. 1). Mr. Destra died on March 30, 2017 (Doc. 143-1 at 9-10). The Court subsequently substituted Merianna Pierre as Personal Representative of the Estate of Cheler Destra as the Plaintiff in this case (Doc. 94). January 9, 2017 was the deadline to complete all discovery (Doc. 69), and the trial is scheduled to begin on December 10, 2018 (Doc. 143, ¶ 1).

On November 21, 2018 Plaintiff's counsel issued a subpoena commanding Dr. Josephine Eady, Custodian of Records, Orange County Medical Services, to produce

"[a]ll records of medical treatment of Cheler Destra, DOB 1/11/1980, date of treatment 5/14/2014" for inspection and copying in Courtroom 5A of the United States District Court in Orlando, Florida at 10:00 a.m. on December 3, 2018 (Doc. 143-1 at 1). The location, date and time in the subpoena coincided with the final pretrial conference (Doc. 136). The subpoena was served on "**Arthur Willis as Liaison**, a person authorized to accept service for Orange County Medical Services" on November 28, 2018 (Doc. 143-2) (emphasis in original).[1]

Plaintiff represents that the medical records sought are relevant to show the treatment Mr. Destra received after Defendants arrested him (Doc. 143, ¶ 2). Dr. Eady did not appear in response to the subpoena and the medical records were not produced (Id., ¶ 3). Before filing this motion, Plaintiff's counsel made unsuccessful efforts by telephone, email and fax to obtain the records from Orange County Medical Services (Id., ¶¶ 4-8). On December 5, 2018 a representative of Orange County Medical Services told Plaintiff's lawyer the subpoena was void because Dr. Eady is not the custodian of records (Id., ¶ 9). Now, Plaintiff seeks an order compelling production of the medical records or, in the alternative, issuance of an order to show cause "why the Non-Party should not be held in contempt and sanctions imposed for non-compliance with the subpoena." (Id., ¶ 10). Counsel for Defendants does not oppose the motion (Id., ¶ 12).

This case calls to mind the expression "Your procrastination is not my emergency." Plaintiff's lawyers have not explained why they waited until after the discovery cutoff, and only five days before the final pretrial conference, to serve a subpoena for medical

---

[1] The Court does not analyze the sufficiency of service in this Order but see In re Matter Under Investigation by Grand Jury No. 1, No. 10-81252-MC, 2011 WL 761234, at *2 (S.D. Fla. Feb. 24, 2011) (collecting cases and concluding that authority in this circuit suggests that a Rule 45 subpoena must be personally handed to the non-party witness).

records. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." FED. R. CIV. P. 45(d)(1). In determining whether a subpoena imposes undue burden or expense on a nonparty, courts must balance the requesting party's interests in disclosure against the burden of disclosure on the nonparty. 9A Wright & Miller, Federal Practice & Procedure § 2463.1 (3d ed.). If a subpoena subjects a person to undue burden, the Court must quash or modify it. FED. R. CIV. P. 45(d)(3)(A)(iv). The subpoena required compliance on the fifth day after it was served. It does not appear that Plaintiff was at all concerned with Dr. Eady's schedule or other commitments. On its face, this appears unduly burdensome. Not only was the time for compliance short, but if Dr. Eady wanted legal advice (whether she did or not is unknown), before producing medical records she had very little time to get it.

The Case Management and Scheduling Order required counsel to meet in-person pursuant to Local Rule 3.06(b) to, among other things, "tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial …." (Doc. 44, § III.A.3). The parties' exhibit lists attached to their Joint Pretrial Statement do not list Orange County Medical Services treatment records as an exhibit (Doc. 116-1 and 2). This raises the question why Plaintiff thinks the Court would permit her to use medical treatment records that are not on the parties' exhibit lists.

The exhibit lists do include entries for "Plaintiff's Medical Records from Orange County EMS/Correctional Health Services" (Doc. 116-1 at 2), and "Orange County Corrections medical records" (Doc. 116-2 at 5). If these are the records in question, then

counsel must already have them. If this is the case, then Plaintiff has not explained why the subpoena is necessary.

Plaintiff does not state who she wants the Court to hold in contempt and sanction for failing to obey the subpoena. She refers only to the "Non-Party" and leaves it to the Court go guess who this is. This is insufficient.

For these reasons the motion is **DENIED** and the subpoena is **QUASHED**.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Counsel of Record

Orange County Medical Services
Attention Marlene Sakowitz
3723 Vision Boulevard
Orlando, Florida 32809